UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLAUDE DAVIS JR., 06-A-2212,

                            Plaintiff,

  -against-                                   1:06-CV-01036
                                                          (LEK)

MATTHEW J. DALY, Parole Officer; KAREN M.
WALDRON-MUNSON, Administrative Parole Assistant,

                            Defendants.
_____

## MEMORANDUM-DECISION AND ORDER[1]

Currently before the Court is a Motion for judgment on the pleadings filed by Defendants Matthew J. Daly ("Daly") and Karen Waldron-Munson ("Waldron"). Dkt. No. 13.

### I. Background

On August 25, 2006, Plaintiff Davis ("Plaintiff" or "Davis") filed a Complaint under 42 U.S.C. § 1983 alleging the violation of his constitutional rights during his supervision by Defendants while on parole. Complaint (Dkt. No. 1). On or about February 25, 2002, Plaintiff was released from Auburn Correctional Facility on parole. Id. at ¶ 8. While on parole, he obtained employment and started two businesses, including an antique and auction business. Id. at ¶ 11-13. In the summer of 2004, Plaintiff was placed under Daly's parole supervision. Id. at ¶ 15. On May 5, 2005, Daly requested and the Plaintiff provided a urine sample, which Daly determined tested positive for the presence of drugs. Id. at ¶ 23-24. Plaintiff was taken into custody and transported to St. Lawrence County Correctional Facility, where Daly filled out the warrant for retaking and

---

[1] For printed publication by the Federal Reporters.

detaining Plaintiff.  Id. at ¶ 25-26.  The parole warrant was a pre-stamped form, which had been notarized by co-defendant Waldron before the warrant was filled out.  Id. at ¶ 27.  Daly served Plaintiff with the parole violation papers on May 9, 2005.  Id. at ¶ 28.  Daly pressured Plaintiff to waive his right to a preliminary hearing, but Plaintiff refused.  Id.  The preliminary hearing was held on May 13, 2005, with Plaintiff represented by counsel.  Id. at ¶ 32.  The hearing officer found probable cause on the charge of drug use based on the Daly's testimony and a form signed by Plaintiff purported to be an admission that he had used drugs.  Id. at ¶ 40.

On the date of the final hearing, Plaintiff reached a compromise whereby his parole violation warrant was rescinded on the condition that he enter an outpatient drug treatment program or any other follow-up recommended by Daly.  Id. at ¶ 41.  Plaintiff entered a chemical dependency program and Daly issued supplemental parole rules.  Id. at ¶ 43-45.  These conditions required Plaintiff to report to a local police department twice monthly; imposed a curfew from 9 p.m. to 6 a.m.; prohibited the purchase, possession or consumption of alcohol; prohibited Plaintiff from entering any establishment where alcohol was sold for consumption on the premises; prohibited employment in the auction or flea market businesses, in sales, or in any job dealing with the public; required the plaintiff to submit to urine- and breathe-tests at his parole officer's discretion; and required Plaintiff to enter and not leave without permission mental health treatment and an anger management program.  Id. at ¶ 45.  Plaintiff continued under Daly's parole supervision and complied with these additional special conditions until April 25, 2006 when he was returned to the custody of the New York Department of Correctional Services on a parole violation and a new felony conviction.[2]

---

[2] Plaintiff does not challenge the April 25, 2006 parole violation.

## II. Discussion

### A. Standard of Review

Rule 12(b) of the Federal Rules of Civil Procedure require that if matters "outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ..." Fed. R. Civ. P 12(b). However, if a court excludes extrinsic evidence submitted to it from its considerations, motions brought under Federal Rule of Civil Procedure 12(b) do not need to be converted to motions for summary judgment. See Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002). Plaintiff has submitted exhibits in support of his Response to Defendants' Motion. Dkt. No. 14. On a motion to dismiss, a necessary prerequisite to a court's consideration of a document, other than the complaint, is a plaintiff's reliance on the terms and effect of that document in drafting the complaint. Chambers, 282 F.3d at 153. In reaching its decision, the Court only considered the facts as presented in Plaintiff's Complaint, and has not considered the exhibits submitted by Plaintiff. Accordingly, Defendants' Motion will not be considered as a motion for summary judgment.

The standard for granting a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is identical to that of a motion to dismiss for failure to state a claim under Rule 12(b)(6). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). Accordingly, for the purposes of this Motion, all the factual allegations in the Complaint are accepted as true and all reasonable inferences are drawn in Plaintiff's favor. Rolon v. Henneman, --- F.3d ----, 2008 WL 482468, at *1 (2d Cir. Feb.25, 2008). Dismissal is proper only if it appears beyond doubt that Plaintiff can prove no set of facts which would entitle him to relief. See Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir. 1994).

Additionally, Plaintiff proceeds pro se, and thus we read his pleadings liberally "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

### B. Plaintiff's state law claims against Defendants Daly and Waldron

In his response to Defendants' Motion for judgment on the pleadings, Plaintiff has withdrawn all state law claims against Defendants Daly and Waldron. Response at ¶ 20 (Dkt. No. 14). Accordingly, all of Plaintiff's state law claims are dismissed.

### C. Plaintiff's claims against Defendant Karen Waldron-Munson

In his response to Defendants' Motion for judgment on the pleadings, Plaintiff has withdrawn all claims against Defendant Waldron. Response at ¶ 21 (Dkt. No. 14). Accordingly, all of Plaintiff's claims against Defendant Waldron are dismissed.

### D. Plaintiff's claims against Defendant Daly

### 1. Claims involving the allegedly falsified urine test results and admission

In Heck v. Humphrey, the Supreme Court reconciled § 1983 with the habeas corpus statute. 512 U.S. 477, 114 S.Ct. 2364 (1994). In so doing, the Court noted that a prisoner's § 1983 damages action cannot proceed where his claim "necessarily" attacks "the fact or length of ... confinement." Id. at 481-82. As observed in Hill v. Goord:

> To comply with the Heck rule, a prisoner must establish that his conviction or sentence has been overturned or invalidated by an administrative board or a state court, or a federal court in a habeas proceeding, as a prerequisite to maintaining a § 1983 action. Alternatively, if the lawsuit is not explicitly directed at an unlawful conviction or sentence, the prisoner must establish that his suit does not "necessarily imply the invalidity of his conviction or sentence."

63 F. Supp. 2d 254, 260 (E.D.N.Y. 1999) (citing Heck, 512 U.S. at 487). The Hill case further recognized that this doctrine applies to suits for damages as well as for injunctions, and to suits

4

contesting the rejection of parole release.  Id. at 260-61; see also Baczkowski v. New York State Dep't of Corrections, 2004 WL 1465813, at *2 (W.D.N.Y. June 24, 2004) (section 1983 does not provide for a challenge to parole revocation because it would circumvent the exhaustion prerequisites of habeas corpus relief); Harris v. City of New York, 2003 WL 554745, at *3 (S.D.N.Y. Feb.26, 2003) (Heck bars section 1983 claim that challenges the fact or duration of confinement based on the revocation of parole); Lampkin v. New York City Department of Probation, 2001 WL 210362, at *2-3 (S.D.N.Y. Feb.1, 2001) (though plaintiff's § 1983 action alleging false information in pre-sentence and pre-parole reports framed his claim as arising over "incidental limits" on daily life, the action "necessarily implies" the invalidity of parole decisions, and thus was barred by Heck); Sumter v. Marion, 1999 WL 767426, at *5 (S.D.N.Y. Sept.28, 1999) (plaintiff's § 1983 claim against parole officials alleging that they falsified evidence barred by Heck).

In the instant case, we dismiss Plaintiff's claims insofar as they involve the allegedly falsified urine test or the admission that Plaintiff alleges he was forced to sign without knowing its contents.  Assuming arguendo that the drug test was falsified and that the form that Plaintiff signed does not constitute an admission, those errors would implicate a revocation of Plaintiff's parole.  Plaintiff's action insofar as it challenges the urine test or admission therefore constitutes a direct attack on the validity of his attempted parole revocation.[3]  Granting relief on either of these claims

---

[3] The Court notes that Plaintiff's parole was not ultimately revoked based on the urine test or alleged admission because on the day of the final hearing, Plaintiff reached a compromise whereby his parole violation warrant was rescinded on certain conditions.  Complaint at ¶ 41 (Dkt. No. 1). To the extent that this fact might be seen to remove the case from the Heck restriction, it would also result in a finding that Plaintiff, through the plea bargain-like agreement with the parole board, waived any challenge to the attempted parole revocation.

would "necessarily imply the invalidity" of the attempted parole revocation and of Plaintiff's consequent confinement. Heck, 512 U.S. at 487. Accordingly, Plaintiff's claims insofar as they involve the allegedly false results of the urine test or the admission are hereby dismissed. Under the same reasoning, any claims by Plaintiff that challenge the revocation procedure itself are also dismissed.

**2. Claims involving the re-taking or detention by Daly**

To the extent that Plaintiff is claiming false arrest or a due process violation based on the parole warrant, those claims are also dismissed. The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest under § 1983. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Since the hearing officer found probable cause at the preliminary hearing, Plaintiff's claim, to the extent it alleges false arrest, is dismissed. In addition, if Plaintiff is claiming a due process violation based on the parole warrant, that claim was waived when Plaintiff entered into an agreement with the Parole Board. Accordingly, to the extent that Plaintiff's claim may be based on the parole warrant, that claim is also dismissed.

**3. Claims involving the alleged mistreatment or special parole requirements imposed by Daly**

As part of Plaintiff's claims that Daly violated his rights under the Fourth and Fourteenth Amendments, Plaintiff claims that Daly denied him employment opportunities and deprived him of his livelihood. These claims are based on alleged mistreatment by Daly, especially the special requirements imposed on Plaintiff on June 23, 2005. Defendants argue only that Plaintiff's complaints do not rise to the level of constitutional violations, and that if they do, Daly would be entitled to qualified immunity. Motion at 13 (Dkt. No. 13).

Parole decisions in New York are afforded very limited due process protection. As stated by the Supreme Court, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979). "In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the [particular] state's statutory scheme." Barna v. Travis, 239 F.3d 169, 170 (2d Cir. 2001). According to the Second Circuit, "[t]he New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release." Id. at 171 (citing N.Y. Exec. Law § 259). With respect to challenges to parole decisions, therefore, "judicial intervention is warranted only when there is a showing of irrationality bordering on impropriety." Silmon v. Travis, 95 N.Y.2d 470, 476 (2000) (quotation marks and citation omitted).

Because the imposition of special conditions is left to the discretion of the Board of Parole and individual parole officers, Plaintiff does not have a protected liberty interest in being free from special conditions. Pena v. Travis, No. 01 Civ. 8534, 2002 WL 31886175, at *13 (S.D.N.Y. Dec. 27, 2002); see also 9 N.Y. Comp.Codes R. & Regs., tit. 9, § 8003.3 ("A special condition may be imposed upon a releasee either prior or subsequent to release.... Each special condition may be imposed by a member or members of the Board of Parole, an authorized representative of the Division of Parole, or a parole officer."). Parole conditions are discretionary in nature and thus are "not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner." Robinson v. Pagan, No. 05 Civ. 1840, 2006 WL 3626930, at *1 n.2 (S.D.N.Y. Dec. 12, 2006), Pena 2002 WL 31886175 at *13.

Nevertheless, accepting as true the factual allegations of the Complaint and drawing all

inferences in favor of Plaintiff, the Court finds that it is not beyond doubt that Plaintiff can prove no set of facts which would entitle him to relief on this claim. Plaintiff alleges that Daly restricted his employment effectively to a farm job, sought to prevent Plaintiff from having any interaction with the public or even driving, and neglected to communicate with Plaintiff's counselor. It is possible that Plaintiff may be able to prove that Defendant Daly acted in an arbitrary and capricious manner in imposing the additional parole requirements. As to the defense of qualified immunity, although Defendant may well succeed in obtaining summary judgment on this ground, it is not beyond doubt at this juncture that Daly is entitled to rely on this defense for the conduct alleged. See generally Anderson v. Creighton, 483 U.S. 635, 639 (1987).

Accordingly, it is hereby

**ORDERED**, that Defendant's Motion for judgment on the pleadings (Dkt. No. 13) is **PARTIALLY GRANTED** as to Plaintiff's state law claims, Plaintiff's claims against Defendant Waldorn, and Plaintiff's claims based on the urine test or admission; and it is further

**ORDERED**, that Defendant's Motion for judgment on the pleadings (Dkt. No. 13) is **DENIED** as to Plaintiff's § 1983 claims involving the parole conditions imposed by Defendant Daly; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **PARTIALLY DISMISSED** as to its state law claims, claims against Defendant Waldorn, and claims based on the urine test or admission; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED: April 09, 2008
     Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge